UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

             Plaintiff,       **ORDER**

  -against-       **04-CV-2609 (NG)**

SEMION GRAFMAN, et al.,

            Defendants.
------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

The Court has received plaintiff's letter dated February 7, 2007, in which it asks, *inter alia*, that the Court proceed to assess damages and recommend entry of final judgments against the defaulting defendants before it rules on its pending motion for leave to amend. I hesitate to do so for two reasons.

First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Montcalm Publishing Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted). This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991). *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 fn.4 (2d Cir. 1976). Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order "'to avoid the problems of dealing with inconsistent damage

determinations.'" *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (*quoting In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Lite-Up Corp. v. Sony Music Entertainment, Inc.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (same); *Montcalm*, 807 F. Supp. at 978 (same); *Friedman*, 1991 WL 206308, at *4 (same). *But see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency). This Court has serious concerns of disparate damage awards in this case where the defaulting defendants are not named in the proposed amended complaint.

Moreover, as plaintiff correctly notes, Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ." Plaintiff's conclusory assertion, however, that "there is no just reason to delay" is insufficient for this Court to comply with the certification requirements of Rule 54(b). *See Smith v. Half Hollow Hills Central School District*, 298 F.3d 168, 17 (2d Cir. 2002).

Finally, if plaintiff does persuade the Court that it is appropriate to assess damages against the defaulting defendants at this time, it must submit additional information and evidence to establish that the allegations in the complaint are sufficient to demonstrate the defaulting defendants' liability and the appropriate amount of the final judgment to be entered. Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default

judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080, 113 S. Ct. 1049 (1993). Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Although plaintiff has provided affidavits of counsel that calculate the amount of damages it believes to be appropriate, it has failed to provide any supporting documentation or other detailed evidence establishing defendants' liability. *See* Docket Entries 94-98.

Accordingly, plaintiff shall provide the Court with a memorandum of law or letter no later than February 16, 2007, explaining how it seeks to proceed in light of these issues. Plaintiff may opt either to stay the inquest, which would presumably require plaintiff to add the defaulting defendants to the proposed amended complaint and seek new default judgments against them if they again fail to appear, or to attempt to establish that it is appropriate to proceed to assess damages against the defaulting defendants at this stage of the lawsuit. If plaintiff chooses the latter option, it shall also state whether it seeks to present its evidence with respect to damages at an evidentiary hearing or whether it seeks to have the Court determine the amount of damages to be awarded based upon documents it will be submitting. As noted earlier, the defaulting defendants will have to be given an opportunity to participate. Plaintiff shall serve a copy of this

Order on all defaulting defendants at their last known addresses.

**So Ordered.**

                                                        /s/
                                     **Steven M. Gold**
                                     **United States Magistrate Judge**

**February 9, 2007**
**Brooklyn, New York**