UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                               Plaintiff,

       -against-

SEMION GRAFMAN, et al.,

                              Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER
ON MOTION FOR STAY
04-CV-2609 (NG) (SMG)

*Gold, S., United States Magistrate Judge*:

## Introduction

Defendants Jacob Kagan, Eleanor Lipovsky and Palermo Medical P.C. ("Palermo") move for a stay of their obligation to respond to discovery demands. *See* Docket Entries 320, 333, 334, 336. Palermo is a corporation allegedly owned by Lipovsky on paper, but controlled in fact by others. *See* Docket Entry 336 at 2. Their motions are based upon an indictment pending in Kings County Supreme Court in which Kagan and Lipovsky are named as defendants. Stavis Aff., Docket Entry 334, ¶ 5. The indictment charges Kagan and Lipovsky with fraudulent conduct similar to that alleged by plaintiff State Farm in this case. Kagan and Lipovsky contend that, because they are the subject of a pending indictment, a stay is necessary to protect their rights under the Fifth Amendment not to be compelled to make self-incriminating statements. I heard argument on defendants' motions on November 9, 2007, and reserved decision.

## Discussion

When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action, but is not constitutionally required to do so. *See Parker v Dawson*, 2007 WL 2462677 * 3 (E.D.N.Y. August 27, 2007). The factors considered in determining

1

whether a stay is warranted include: (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the criminal case, and in particular whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice caused by the delay; (4) the private interests of the defendants and the burden that proceeding with the civil action would impose on them; (5) the interests of the court; and (6) the public interest. *Id.; see also Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Courts in the Second Circuit generally stay civil actions against defendants who, like Kagan and Lipovsky, are subjects of a pending indictment. *Parker,* 2007 WL 2462677 * 3, *citing In re Par Pharmaceutical,* 133 F.R.D. 12, 13 (S.D.N.Y.1990); *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985).

Acknowledging defendants' Fifth Amendment concerns, plaintiff does not now press for interrogatory answers or deposition testimony from either Kagan or Lipovsky. Docket Entry 345 at 18. Plaintiff does, however, seek to compel these defendants to produce documents. Plaintiff also seeks interrogatory answers, document production, and Rule 30(b)(6) deposition testimony from Palermo and certain corporations alleged to be in Kagan's control. Defendants Kagan and Lipovsky seek a stay of this discovery, although Kagan acknowledges that the corporate defendants he allegedly controls may properly be required to respond to document demands. Tr. of 11/9/07 ("Tr.") at 73-75.

In support of its contention that Kagan and Lipovsky should be required to respond to its document demands, State Farm argues that producing documents that have already been created does not constitute compelled testimony protected by the Fifth Amendment. Kagan and Lipovsky point out in response that even the mere act of producing existing documents could be self-incriminating because the fact that either of them produced a document could be used as evidence of

2

its authenticity. Courts have recognized that producing pre-existing documents may in fact have a testimonial aspect:

> While the contents of voluntarily prepared documents are not privileged, the act of producing them in response to a subpoena may require incriminating testimony in two situations: (1) "if the existence and location of the subpoenaed papers are unknown to the government"; or (2) where production would "implicitly authenticate" the documents.

*In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993) (*quoting United States v. Fox*, 721 F.2d 32, 36 (2d Cir.1983)). Although State Farm has agreed not to rely on any production by Kagan or Lipovsky to establish that a document is authentic, that agreement would not prevent State Farm from discovering the existence of documents now unknown to it, and offers no protection against a prosecutor or other no-fault carrier who seeks to use Kagan's or Lipovsky's production of a document in this case as authentication evidence in another. All document production demanded of Kagan or Lipovsky is therefore stayed, as is the obligation of these individual defendants to provide deposition testimony or answer interrogatories.

Plaintiff next argues that the corporations controlled by Kagan and Lipovsky should be required to respond to its discovery demands. A corporation, even one controlled by a single individual, has no Fifth Amendment right not to testify. *See Curcio v. United States*, 354 U.S. 118, 122, 77 S.Ct. 1145, 1148 (1957); *In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 46 (2d Cir. 1985); *United States v. Barth*, 745 F.2d 184, 189 (2d Cir. 1984). The fact that individual defendants Kagan and Lipovsky have invoked the Fifth Amendment is therefore insufficient by itself justify a stay of discovery with respect to their corporations. *See In re Two Grand Jury Subpoenae Duces Tecum Dated Jan. 28, 1985*, 769 F.2d 52, 57 (2d Cir. 1985) (*citing Barth*, 745 F.2d at 189).

Nevertheless, when an individual who has invoked his or her Fifth Amendment rights is the sole person familiar with a corporation's activities, a dilemma is presented: how will the corporation respond to legitimate discovery demands without compromising the controlling individual's Fifth Amendment privilege against self-incrimination? In some cases, courts have resolved this dilemma by requiring a corporation to appoint an agent who will become familiar with the corporation's books and records and activities and testify on the corporation's behalf. *See United States v. Kordel*, 397 U.S. 1, 8, 90 S.Ct. 763, 767-68 (1970)*; Sec. Exch. Comm'n v. First Jersey Sec., Inc.*, 843 F.2d 74, 76 (2d Cir. 1988) (noting the "basic principle" that "if the individual corporate agent having control of corporate documents the corporation is ordered to produce has a claim of privilege from the act of producing those documents, the corporation must see to it that another individual, who would not similarly be incriminated by the act of production, produces the documents") (internal citations omitted); *Barth*, 745 F.2d at 189 (holding that, "[b]ecause of its continuing duty to respond to an IRS summons, a corporation may be required to supply a new agent should all existing employees refuse to testify on self-incrimination grounds.").

Courts have also recognized, though, that there may be circumstances where staying a corporation's duty to respond to discovery demands is the fairest and most efficient way for a litigation to proceed. Those circumstances arise in cases, like this one, where a stay of discovery has been granted with respect to an indicted individual defendant and discovery is sought from a corporation under that defendant's sole control. *See Kordel*, 397 U.S. at 8-9 (noting that "where no one can answer the interrogatories addressed to a corporation without subjecting himself to a 'real and appreciable' risk of self-incrimination," the "appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action"); *Parker*, 2007 WL 2462677, at *7 (granting a stay as to corporate defendants because they could not

adequately defend themselves without the testimony of the controlling individual, against whom a felony complaint had been filed, and who was asserting the Fifth Amendment); *Transworld Mech.*, 886 F. Supp. at 1141 (granting a stay of discovery as to both the individual defendants who had been indicted and corporate defendants "to avoid duplication of effort and for judicial economy"); *Volmar Distrib., Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (granting a complete stay, applicable even to defendant corporations, where individuals asserting their Fifth Amendment rights were the "central figures" in the case).

Taking into account all of the circumstances of this case, I conclude that the corporations controlled by Kagan and Lipovsky, to the extent there is no one else available to testify on their behalf, should not be required to respond to interrogatories or produce Rule 30(b)(6) witnesses for deposition at this time. (Counsel for Palermo has already represented that there are no employees or other individuals with knowledge of the corporation's activities other than Lipovsky, tr. at 61-62, and discovery will not be stayed with respect to any corporation allegedly controlled by Kagan until a similar representation is made with respect to it.) This is a large, complex case, with dozens of defendants, and depositions have not yet begun. There are many witnesses who might be deposed before the depositions of these corporations are taken, and the criminal proceedings against Kagan and Lipovsky may be concluded, or at least well under way, by the time these other witnesses have been deposed.

I reach a different conclusion with respect to production of documents. First, I note that the corporations controlled by Kagan do not object to producing documents at this time. Tr. at 73-75. With respect to Palermo, it seems likely that there is already an accountant or bookkeeper familiar with the corporation's documents and who could produce them on Palermo's behalf without implicating any Fifth Amendment rights. Even if there is no individual who knows about Palermo's

5

documents, there is no reason why it would be particularly burdensome to appoint an agent to become familiar with the books and records and to organize and produce them in response to discovery demands. Moreover, requiring the corporations to produce their documents now is critical to the orderly progress of discovery. As in most cases, the parties to this action seek to gather all pertinent documents before beginning to take depositions. If the production of documents by Palermo and any other Kagan and Lipovsky corporations were stayed, depositions that might otherwise be concluded would likely need to be reconvened once those documents were obtained. Accordingly, to the extent these corporations move to stay their obligation to respond to document demands, their motions are denied.

**Conclusion**

For the reasons stated above and on the record during the argument held on November 9, 2007, it is hereby ordered that:

1) The responsibility of Kagan and Lipovsky to respond to discovery demands is stayed pending further order of the court. Counsel for these defendants shall, upon request, provide plaintiff with regular reports on the status of the criminal proceedings against them;

2) The responsibility of corporations controlled by Kagan or Lipovsky to respond to interrogatories or produce a 30(b)(6) witness for deposition is stayed pending further order of the court. This stay is contingent upon the corporation establishing, by affidavit of an individual with knowledge or by a representation of its counsel, that there is no individual other than Kagan or Lipovsky who is familiar with the corporation's activities and able to answer interrogatories or appear for a deposition on its behalf. The representation of counsel during the proceedings on November 9,

2007 satisfies the requirement of this paragraph with respect to Palermo, P.C.; and

3) The motion of Palermo, P.C. to stay its responsibility to respond to document demands is denied.

**SO ORDERED.**

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**Brooklyn, New York**
**December 1, 2007**

U:\ASB 2007-2008\Grafman\State Farm v. Grafman 120107 stay order.wpd