UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE   :
INSURANCE COMPANY,             :
                               :     **REPORT &**
               Plaintiff,      :     **RECOMMENDATION**
                               :
      -against-                :     **04-CV-2609 (NG)**
                               :
SEMION GRAFMAN, et al.,        :
                               :
               Defendants.     :
-----------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

By Order dated August 4, 2006, the Honorable Nina Gershon adopted my Report and Recommendation rendered from the bench during proceedings held on May 23, 2006. Docket Entry 159. In that Report, I recommended denying plaintiff's motion for an order attaching defendant Jacob Kagan's assets and a preliminary injunction ordering him not to transfer any of his assets. This ruling was made without prejudice to renewal of plaintiff's motion if additional supporting evidence were discovered. Plaintiff did in fact renew its motion for an order freezing Kagan's assets, and has made several submissions in support of the motion over time.

During the hearing on May 23, 2006, I articulated the legal basis for my recommendation that plaintiff's motion be denied. Tr. of Hr'g held on May 23, 2006 at 61-66, Docket Entry 144. Familiarity with the case law I cited at that time is presumed. In particular, I noted that plaintiff had failed to persuade me that Kagan's actions, suspicious as they were, adequately demonstrated that he intended to frustrate the enforcement of any judgment that might be rendered in this case, as New York law requires before an order of attachment is entered. *See* N.Y. C.P.L.R. 6201(3).

On November 9, 2007, I heard oral argument on plaintiff's renewed motion. Tr. of Hr'g held on November 9, 2007, Docket Entry 379. Plaintiff's primary argument at that time was that

the court should infer from Kagan's invocation of the Fifth Amendment that he intended to frustrate enforcement of a judgment. During the argument, I expressed skepticism about whether such an inference was warranted. *Id.* at 23-24.

Plaintiff subsequently submitted additional materials in support of its application for an asset freeze. *See* Docket Entries 374, 383. *See also* Hr'g held on Jan. 16, 2008 (no transcript available). In these submissions, plaintiff alleged that $380,000 was transferred from the bank accounts of Victoria Kagan, Jacob's wife, to an account in a foreign country. Docket Entry 374. In response, however, Jacob Kagan explained that $170,000 of this amount was counted twice because a wire transfer in that amount failed to go through on a first attempt. Docket Entry 376. In addition, Kagan contended that the successfully executed wire transfer of $170,000 was a loan to a family friend. Kagan subsequently submitted documentation indicating that the loan was repaid about six months after it was made, and that the proceeds were deposited into a home equity line of credit account held jointly by Jacob and Victoria Kagan. Docket Entry 409.

In plaintiff's most recent submission in support of its motion, plaintiff submitted evidence indicating that the Kagans transferred real property, originally alleged by Kagan to be worth more than $1 million, to an LLC they formed. Docket Entry 568; *see also* Tr. of Hr'g held on June 25, 2008 at 44-47, Docket Entry 567. Plaintiff's submission also pointed out that an order of attachment in Jacob Kagan's criminal case that originally restrained approximately $1,357,845, see Docket Entry 334-4 at 19, was subsequently modified to restrain only $10,000. In the interim, however, Kagan made restitution in the amount of $116,512 in his criminal case. Docket Entry 380. With respect to the transfer of the Graham Avenue property, the attorney who represented Kagan in connection with the transfer has submitted an affidavit stating that the

2

transfer was made for tax and estate planning purposes. Docket Entry 563. The affidavit is accompanied by certificates reflecting that Jacob and Victoria Kagan each own a fifty percent interest in the LLC. Plaintiff points out, however, that Kagan has failed to produce the LLC's operating agreement – a document referenced in the certificates attached to the affidavit of Kagan's attorney – and that the operating agreement is relevant to determining whether a judgment against Jacob Kagan could reach the assets of the LLC. Moreover, the certificates submitted by Kagan's attorney were issued in May of 2008, and the court lacks current information about who holds an interest in the LLC.

I have deliberately delayed issuing a report on plaintiff's motion because of the regularity with which new facts have been presented by the parties. I have also been waiting to see whether further discovery would reveal additional evidence relevant to the motion. In the year since the last submission, however, and with fact discovery on the eve of closing, plaintiff has not come forward with any other evidence that Kagan has liquidated or transferred assets with the intent of frustrating any future attempt by State Farm to enforce a judgment.

Having considered all of the evidence and arguments presented by the parties, I respectfully recommend that plaintiff's renewed motion for an asset freeze against Jacob Kagan be denied. Although plaintiff has raised legitimate concerns about whether Kagan intends to secrete assets in order to frustrate State Farm's ability to enforce a judgment, Kagan has rebutted a substantial portion of plaintiff's evidence. Moreover, I presume that plaintiff has been monitoring Kagan's bank accounts and real properties for further indications of dissipation of assets, but no evidence of suspicious transactions has been presented during the past year.

I further recommend, however, as before, that the motion be denied without prejudice to

renewal based upon new evidence indicating that Kagan intends to frustrate enforcement of a judgment.  In addition, I hereby order that Kagan produce the operating agreement for the LLC that holds title to the 390 Graham Avenue property, identify any bank or investment accounts of the LLC, and submit an affidavit from a person with knowledge stating whether the certificates issued on May 30, 2008 remain in effect and accurately reflect the entirety of current ownership interests in the LLC.  This production shall be made forthwith, and in any event no later than July 15, 2009.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten days and in any event no later than July 15, 2009  Failure to file objections within the specified time waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**June 26, 2009**
**Brooklyn, New York**