```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE            :
INSURANCE COMPANY,                      :
                                        :
                Plaintiff,              :     ORDER
                                        :
        -against-                       :     04-CV-2609 (NG)
                                        :
SEMION GRAFMAN, et al.,                 :
                                        :
                Defendants.             :
-------------------------------------------------------------x
```
GOLD, STEVEN M., U.S.M.J.:

By letter motion dated May 17, 2010, Docket Entry 890, plaintiff seeks an order requiring defendants Jacob Kagan and Victoria Kagan to document how the proceeds of the sale of real property at 390 Graham Avenue, Brooklyn, New York, were disbursed. For the reasons stated below, plaintiff's application is granted.

On March 24, 2006, plaintiff moved for a pre-judgment order of attachment with respect to Jacob Kagan's assets. I heard argument on the motion on May 23, 2006. At the conclusion of the argument, I found that plaintiff had made a persuasive showing that Jacob Kagan was attempting to strip away his assets and expressed skepticism about the veracity of the explanations Kagan offered with respect to certain questionable transactions. Tr. of May 23, 2006, Docket Entry 144, at 63. Accordingly, although I recommended that plaintiff's application for a pre-judgment order of attachment be denied, I granted plaintiff the opportunity to take discovery with respect to Jacob Kagan's assets and the right to renew its motion if further developments warranted it. *Id.* at 66; Minute Entry dated May 24, 2006 ("Plaintiff may have full asset discovery of defendant [Jacob] Kagan.").

By letter motion dated July 31, 2007, Docket Entry 266, plaintiff again moved to freeze Jacob Kagan's assets.  In support of its renewed motion, plaintiff pointed out that Kagan had exercised his Fifth Amendment right not to answer questions about his assets.  I again recommended that plaintiff's motion be denied, but ordered that Jacob Kagan provide additional discovery, including documents concerning the property at 390 Graham Avenue.

Plaintiff now asserts that the property at 390 Graham Avenue has been sold, and has submitted a document in support of ths assertion.  Docket Entry 890, Exhibit 6.  Defendants oppose the motion largely on the grounds that it is improper to seek injunctive relief from a Magistrate Judge, or to move for such relief before any judge in letter form.  Docket Entry 891.  Defendants' opposition completely misses the mark, because plaintiff's motion seeks discovery and not injunctive relief.  Moreover, if, as defendants' opposition suggests, the proceeds from the sale of the property were used to pay an order of restitution imposed in Jacob Kagan's criminal case, it should not prove burdensome to provide the discovery plaintiff seeks.

For all these reasons, plaintiff's motion for an order requiring defendants Jacob Kagan and Victoria Kagan to document how the proceeds of the sale of real property at 390 Graham Avenue, Brooklyn, New York, were disbursed is GRANTED.

**SO ORDERED.**

_____/s/_____
**Steven M. Gold**
**United States Magistrate Judge**

**May 19, 2010**
**Brooklyn, New York**