# ROSENBERG LAW, P.C.

CHASE BUILDING
2631 MERRICK ROAD
SUITE 301
BELLMORE, NY 11710
(516) 221-1108

June 21, 2010

**Via ECF**
Chief Magistrate Judge Steven M. Gold
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    State Farm v. Grafman, et al., Case No.: 04-CV2609(NG)(SMG)

Honorable Judge Gold:

    Kindly accept this letter as Defendant Jacob Kagan's response to State Farm's letter of June 17, 2010 (Document #923), concerning the sale of 390 Graham Avenue. The assertions contained in the June 17, 2010 letter are nonsense. Once again, State Farm has ignored the rules of the court, as well as wasted the court's time, and the parties' money in having to respond to a nonissue. Pursuant to this court's order, State Farm was provided with documents reflecting the closing of the real property which was the only asset Jacob Kagan possessed, aside from his primary residence. Jacob Kagan was forced to sell the property, given the fact that he did not have liquid assets sufficient to pay restitution pursuant to his plea agreement before Judge Chun in New York State Criminal Court. It should be noted that the State dismissed all charges against Jacob Kagan concerning insurance fraud and conspiracy. The sale of the 390 Graham property was an arms-length transaction which involved a third-party real estate broker who introduced the buyer, who did not know or have any connection to Jacob Kagan to purchase the property. Jacob Kagan does not have any connection to Goodman Music Realty, LLC. Jacob Kagan does not hold any ownership interest in Goodman Music Realty, LLC. Jacob Kagan has no information with regard to what, when, where, why and how Goodman Music Realty, LLC was organized.

    At a hearing on May 23, 2006, the court denied State Farm's motion for attachment, explaining as follows: With respect to State Farm's motion for preliminary injunction, the Court noted that the Supreme Court decision in <u>Gruppo Mexicano v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308 (1999) "permits Rule 65 injunctive relief only with respect to a specific asset traced to the plaintiff's claim." (Transcript, Docket 146-2, at 59). "What the plaintiff seeks here, as far as I understand it, is a preliminary injunction essentially restraining the defendant from transferring any of his assets because it feels that the plaintiff is going to owe—the defendant is going to owe plaintiff more money than he is going to have. And that is what <u>Gruppo</u> prohibits as I read it. The motion under Rule 65 is therefore denied." (Id. At 61). It is well founded law that "It must appear that such fraudulent intent really exists in the defendant's mind, the mere removal or assignment or other disposition of property is not ground for an attachment." (<u>Quoting Sylmark</u>

<u>Holdings Ltd. v. Silicone Zone Intern, Ltd.</u>, 5 Misc. 3d 285, 783 N.Y.S.2d 758 (New York County).

At the time of the sale, there was and, to date is, no freeze of Mr. Kagan's assets. In addition, State Farm has not made any proffer that the property was purchased by Mr. Kagan with any illicit funds. In fact, State Farm has failed to provide even a modicum of proof that might establish that the sale of the property was anything other than an arms-length transaction for fair market value. The transaction was not hidden; the transaction was and is transparent. All the proceeds of the sale have been accounted for. Jacob Kagan did not directly receive any proceeds from the sale. It is respectfully requested that the Court reject State Farm's request in its entirety, and award sanctions to Mr. Kagan for the unnecessary harassment which State Farm continues to perpetrate against him in this matter. The Court should not condone Plaintiff's conduct. Wherefore, it is respectfully requested that State Farm's application be denied in its entirety, and that an award of attorney's fees caused by the inappropriate conduct of State Farm be granted to Jacob Kagan.

Respectfully submitted,

/S/

Bruce Rosenberg, Esq.