# ROSENBERG LAW, P.C.

Chase Building
2631 Merrick Road
Suite 301
Bellmore, NY 11710
(516) 221-1108

July 8, 2010

**<u>Via ECF</u>**
Chief Magistrate Judge Steven M. Gold
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    State Farm v. Grafman, et al., Case No.: 04-CV2609(NG)(SMG)

Dear Honorable Judge Gold:

      Kindly accept this as opposition to State Farm's July 6, 2010 (Doc. #927) motion for injunctive relief and discovery past the discovery cutoff which is being submitted on behalf of Jacob Kagan. State Farm once again seeks relief freezing Defendant, Jacob Kagan's assets (this is approximately the fifth time). State Farm has improperly filed this motion and as usual has failed to cite a rule or statute pursuant to which it seeks relief. On June 25, 2010 State Farm was informed by this Court that that it is not within magistrate's powers to order the requested preliminary injunction of pre judgment attachment. State Farm has once again filed such Motion before your Honor in a letter motion form. This Motion is being filed less than a month after State Farm's last defective request. The Court should also be aware that State Farm has noticed Mr. Kagan's deposition and demanded additional documents which are outside the June 25, 2010 order.

      Mr. Kagan has not hidden any assets and the sale of the asset at issue was done to satisfy creditors. Mr. Kagan has been financially devastated by this litigation and has been forced to sell the asset at issue to satisfy his financial obligations including caring for his wife and children. State Farm has no basis for the relief which it seeks. It has and continues to fail to meet the prima facia for prejudgment attachment.

      Mr. Kagan provided a copy of the documentation accounting for the proceeds from the sale of 390 Graham. Jacob Kagan has in no way concealed or attempted to hide assets or to frustrate a judgment. State Farm is well aware of Mr. Kagan's financial ability especially since State Farm states in its motion that, Mr. Kagan plead guilty and was sentenced to criminal charges (Jan. 22, 2010 and March 29, 2010) as well as his being required to pay and has paid restitution. Accordingly, due to having to pay Court ordered restitution without other resources and within a short time period, Mr. Kagan was forced to sell 390 Graham Property to fulfill his court ordered obligations. The documents provided and which Mr. Kagan's testimony will only confirm that the proceeds were utilized to pay creditors and to take care of his wife and young children during his incarceration.

If State Farm believes that it has already meet its prima facia to file this instant motion than there is no need for Mr. Kagan's deposition other than to harass him.

State Farm has inappropriately brought this motion in an incorrect form in complete disregard for the FRCP. This is not a discovery motion but rather a motion for injunctive relief. State Farm has failed to provide any case law (as well as statute or a rule) to support its claim to force an explanation or pre-judgment attachment in distant time with regard to any sale especially since fact discovery has been completed. Moreover, State Farm is well aware of Mr. Kagan's financial status since it has and continues to be aware of his assets. Mr. Kagan continues to be responsible for payment of attorney's fee and costs to defend against this lawsuit and other legal matters including the recent criminal action.

All of Mr. Kagan's concerning his assets have been open and transparent and absent intent to defraud any creditors including State Farm. The intent for the sale of 390 Graham was to pay court ordered restitution in the time frame which was ordered by the court "Plaintiff cannot show an intent [to defraud creditors] merely by adducing evidence that defendants have sought to withdraw money from their bank accounts. Plaintiff must show that defendants somehow have attempted to conceal their property or to place it beyond the reach of the Court's judgment." (Memo of Law, Docket 134-22, at 4) (Quoting <u>City of New York v. Citisource, Inc.,</u> 679 F. Supp. 393 (S.D.N.Y. 1988)). State Farm has failed to make any showing that Mr. Kagan concealed the sale or attempted to place the money beyond the reach of the Court's Judgment. In fact to the contrary, Mr. Kagan used it to pay a Court ordered judgment/restitution and other Court ordered fees.

State Farm has failed to make any showing that any transaction was not open and obvious or that the real property was purchased with funds that were from the alleged fraud State Farm has allegedly suffered as required for its requested injunctive relief. State Farm has made no allegations with regard to this required element.

The Supreme Court of the United States has held in <u>Gruppo Mexicano v. Alliance Bond Fund, Inc.,</u> 527 U.S. 308 (1999) "permits Rule 65 injunctive relief **only** with respect to a specific asset traced to the plaintiff's claim." (Transcript, Docket 146-2, at 59). "What the plaintiff seeks here, as far as I understand it, is a preliminary injunction essentially restraining the defendant from transferring any of his assets because it feels that the plaintiff is going to owe—the defendant is going to owe plaintiff more money than he is going to have. And that is what <u>Gruppo</u> prohibits as I read it. The motion under Rule 65 is therefore denied." (Id. At 61).  It is well founded law that "It must appear that such fraudulent intent really exists in the defendant's mind, the mere removal or assignment or other disposition of property is not ground for an attachment." (<u>Quoting Sylmark Holdings Ltd. v. Silicone Zone Intern, Ltd.,</u> 5 Misc. 3d 285, 783 N.Y.S.2d 758 (New York County)

It is well settled law that the intent to defraud cannot be inferred. *See* <u>Bank of Crete v. Koskotas</u>, 733 F.Supp. 648, 653 (S.D.N.Y. 1990) (there must be sufficient independent evidence); <u>United States v. Bonanno Organized Crime Family</u>, 683 F.Supp. 1411, 1452 (E.D.N.Y. 1988) (there must be independent corroborating, the New York court have reiterated that intent to defraud <u>cannot</u> be inferred, but rather must be proven by specific facts. Mere suspicion is insufficient, and the removal of property alone is not sufficient. <u>Corsi v. Vroman</u>, 37 A.D.3d 397, 829 N.Y.S.2d 234 (2d Dep't 2007); <u>Temple Judea of Manhasset v. A & B Roofing, Inc.</u>, 11 Misc.3d 1078(A), 819 N.Y.S.2d 852 2006 WL 948125 (Nassau County 2006).  It is well founded law that "fraudulent intent must be proven, not simply alleged or <u>inferred</u>." <u>Abacus Federal Savings Bank v. Lim</u>, 8 A.D.3d 12, 778 N.Y.S.2d 145 (1st Dept. 2004) (emphasis added); <u>Encore Credit Corp. v. LaMattina,</u> 2006 WL 148909 (E.D.N.Y. 2006); <u>Nanging Textiles v. NCC Sportswear Crop.,</u> 2006 WL 2337186 (S.D.N.Y. 2006) ("fraud cannot be inferred; it must be proved").

State Farm is acting and seeking relief as if it is the government which it is not. State Farm does not have a right to demand the documents which it is demanding after the discovery cutoff has long ago expired. In addition, State Farm states that if undersigned does not respond to it then there is an admission. This is wholly absurd. Undersigned counsel does not have to respond to State Farm or its counsel every time it sends one of its almost daily demand which are outside of the federal rules of procedure and the orders of this Court.[1] Furthermore, undersigned's lack of response is not an admission by Mr. Kagan. State Farm is acting as if it is a governmental entity and is collecting documents and testimony and providing documents to the government which the government would not be able to receive otherwise and which is part of the confidentiality order which was entered in this matter as well as other matters.

State Farm has once again brought a fatally defective motion for injunctive relief before this court in letter form. Based on the above, it is request fully requested that State Farm's motion be denied in its entirety, attorney's fees and costs be awarded on behalf of Mr. Kagan against State Farm  along with other and further relief that this court may deem just and proper.

Respectfully submitted,
        /S/
Bruce Rosenberg (BR 2950)

---

[1] State Farm or its counsel has no right to inquire as to this offices representation of any of its clients.