UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY.,

                      Plaintiff,

- against -

SEMION GRAFMAN, et al.,

                      Defendants.
--------------------------------------------------------x

MEMORANDUM & ORDER

04 CV 2609 (NG) (SMG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 24 2010 ★
BROOKLYN OFFICE

GERSHON, United States District Judge:

      Defendant Kagan appeals from Magistrate Judge Steven M. Gold's discovery order of July 16, 2010, and objects to Judge Gold's simultaneous recommendation that the court issue an attachment against the disposition of certain properties. The discovery order was well within Judge Gold's discretion and was neither clearly erroneous nor contrary to law. Under Federal Rule of Civil Procedure 72(a), it is affirmed.

      The attachment is sought under Fed. R. Civ. P. 64, which incorporates state law, here, New York Civil Practice Law and Rules ("CPLR") § 6201. Plaintiff relies on § 6201(3), arguing that defendant Kagan, in the language of the statute, "with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property...." In addition to establishing that Kagan engaged in such conduct with the required intent, plaintiff must establish that there is a "cause of action," that it is probable that plaintiff will succeed on the merits, and that "the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." CPLR § 6212 (a). Here, there is a cause of action, and plaintiff has established its probability of success. Plaintiff has been seeking provisional relief for

some time, and has, from its first application, set forth in detail the factual basis as to its probability of success; defendant made no effort to refute that showing, contesting only whether plaintiff met the § 6201(3) requirement. Defendant's belated claim that plaintiff has not established probability of success is conclusory and unsuppported. It is rejected. Finally, as to the remaining CPLR § 6212(a) factor, Kagan currently has no counterclaims against plaintiff.

Turning then to the issue in dispute, I have carefully reviewed the facts underlying Judge Gold's R&R and hereby adopt his conclusion that defendant Kagan's dispositions of his property are intended to frustrate the enforcement of a judgment that might be rendered in plaintiff's favor in this case. Defendant's objections to certain factual conclusions of Judge Gold, such as that Boris Volfman is not an attorney, and that the Esmac Court property is located in Brooklyn when in fact it is located in Staten Island, go to issues which are immaterial to Judge Gold's conclusions—and to mine. Similarly, whether or not the court could divine that Bruce Broreplevksy was really Bruce Rosenberg, Kagan's counsel in this action, from the closing statement as to 390 Graham is not significant. What matters is why Kagan and his lawyer would use a name other than the one used here in court. No explanation has been offered; disguising that the payment was to his lawyer seems the only available explanation.

Most importantly, as laid out in detail by Judge Gold, defendant Kagan proffered his ownership of a valuable property at 390 Graham as a basis for Judge Gold to reject attachments on other of his properties and then proceeded to dispose of that property in a variety of ways favoring himself and his family. Only in his objections to Judge Gold's R&R – after Judge Gold noted that he used most of the proceeds to pay down unexplained mortgage debt – did he reveal that some half million dollars of those proceeds was used to pay down a mortgage on his own primary residence.

Judge Gold found, and the record clearly supports, that defendant Kagan has a long history of suspicious financial dealings which are intended to frustrate the collection of a judgment by State Farm. Among other things, Judge Gold noted that Kagan proffered his need to pay his criminal restitution as a reason for the sale of 390 Graham, when it turned out to amount to only a tiny fraction of the amount of the sale. Also, the defendant asserted the Fifth Amendment to avoid answering questions about his assets, after representing to Judge Gold unequivocally that he would not do so but would answer questions.

Under all of these circumstances, plaintiff's entitlement to protection of Kagan's assets to assure that any judgment it obtains can be enforced is well-established. Judge Gold's recommendation is therefore adopted, and plaintiff's application for an attachment is GRANTED. Defendant Kagan is therefore prohibited from selling, transferring, or in any way encumbering his properties at 601 Surf Avenue, Apartment 15N, Brooklyn, NY 11224 and 3 Esmac Court, Staten Island, NY 10304. Also, pursuant to CPLR § 6212(b), Plaintiff State Farm is hereby ordered to provide an undertaking in the amount of $500 by October 1, 2010.

**SO ORDERED.**

_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
September 24, 2010