UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                        Plaintiff,                                OPINION &
- against -                                                   ORDER
                                                                        04-CV-2609 (NG)(SMG)

SEMION GRAFMAN,
et al.,

                        Defendants.
-----------------------------------------------------x

GERSHON, United States District Judge:

On January 3, 2013, the Honorable Steven M. Gold, Chief Magistrate Judge, filed a comprehensive Report and Recommendation (the "Report") regarding the amount of damages to be awarded to plaintiff State Farm Automobile Insurance Company from various defaulting defendants. Most of the defaulting defendants neither participated in the proceedings before Judge Gold, nor filed objections to the Report. Defendant Jacob Kagan and his corporation, defendant Mirka United, Inc. ("Mirka"), appeared through counsel at the hearing before Judge Gold, and defendant Igor Vetoukh filed a letter in opposition to plaintiff's request for damages. Of these three defendants, only Kagan and Mirka have filed timely objections to Judge Gold's Report.

In reviewing the Report, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v.*

1

*People of State of New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (*quoting Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y. 1991) (adoption permitted where the un-objected to sections are "not facially erroneous").

Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, however, the review of portions of the Report to which timely objections have been made, is *de novo*. *See United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

The recommended awards, here, are based upon claims of RICO violations and violations of the New York State common law of fraud. Plaintiff has sought only "single," and not treble, damages and has represented that it will not seek attorneys' fees under the RICO statute, notwithstanding its entitlement to them.[1] In making his recommendation, Judge Gold has carefully analyzed the evidence of damages and applied the pertinent law with care.

Overall, I find that Judge Gold's conclusions are fully supported by the facts and law. With one modification, I therefore adopt Judge Gold's thoughtful and well-reasoned Report and Recommendation, and I reject the objections proffered.

The question of set-offs for Kagan and Mirka based on the settlements of the other, non-defaulting defendants forms the primary basis of Kagan and Mirka's objection, and so I review Judge Gold's analysis of this point *de novo*. While I agree with the conclusion that application of Judge Gold's recommendation would ultimately compel, I would have reached it in a different manner. I therefore modify the Report to include the following.

---

[1] Under 18 U.S.C. § 1964(c), a person injured by way of violation of the RICO statute (18 U.S.C.§ 1962) "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."

In discussing whether or not to offset the damages award, Judge Gold concluded that, "as a general matter, any relevant settlement amounts should be taken into account when assessing damages." (Report at 20.) Noting that only certain settlements should be considered, and that plaintiff waived its right to attorneys' fees, Judge Gold directed plaintiff to submit a letter setting forth additional information relating to the relevant settlements, including their amounts, and an approximation of the amounts incurred by plaintiff in reasonable attorneys' fees. (*Id.*) He then wrote, "If, but only if, the properly attributed amounts received from other defendants in settlements exceed the reasonable attorney's fees incurred, should the amount of any final judgments against the defaulted defendants be reduced." (*Id.* at 20-21.)

Plaintiff's subsequent submissions show that the sum of reasonable attorneys' fees incurred greatly exceeds the amount of the settlements reached with the other defendants, and so, pursuant to Judge Gold's recommendation, the set-off sought by Kagan and Mirka would not be applied. While I agree that this is the correct result, I disagree with respect to Kagan and Mirka's entitlement to set-offs as an initial matter.

Federal common law controls on the question of whether a defendant in a federal action "is entitled to a credit against judgment for the settlement by another party to the dispute." *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989). The Supreme Court has held that, where a plaintiff has settled "with one of several joint tortfeasors, the nonsettling defendants are entitled to a credit for that settlement" and that the amount of such credit should be determined using what the Court refers to as the "proportionate share approach." *McDermott, Inc. v. AmClyde*, 511 U.S.

3

202, 208-10 (1994).² The *McDermott* Court also found that "the law contains no rigid rule against overcompensation" and that "making tortfeasors pay for the damage they cause can be more important than preventing overcompensation." *Id.* at 219.

However, since the possibility of overcompensation may, nonetheless, be relevant, where a non-settling defendant seeks a set-off, the burden rests squarely upon it to show "the extent to which a recovery against it would be duplicative of the plaintiff's recovery from settling defendants." *RLI Insurance Co. v. King Sha Group*, 598 F.Supp.2d 438, 447 (S.D.N.Y. 2009). In choosing not to participate in the litigation, a defaulting party eschews the opportunity to carry this burden, and therefore does not demonstrate its entitlement to, or deserve the benefit of, a set-off. *See Chloe v. Zarafshan*, 2009 WL 2956827, at *7 (S.D.N.Y., Sept. 15, 2009) (concluding that a defaulting defendant, having failed to show how a recovery against him would be duplicative of plaintiff's recovery from settling defendants, "may not invoke the benefits of the set-off rule"); *see also Johnson v. Dumphy*, 2011 WL 6101957, at *5 (E.D.N.Y., Nov. 14, 2011) ("In light of the circumstances here – a settlement for a fairly nominal amount and the defendants' default – I find

---

2

In *McDermott*, the Supreme Court concluded that the proportionate share approach (where the amount of the set-off is determined in accordance with the jury's findings as to proportionate fault in the trial of the non-settling defendants) was best suited to promote settlement, judicial economy, and consistency with the approach to fault in admiralty law set forth in *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975). *See McDermott*, 511 U.S. at 211-17. Although *McDermott* was an admiralty action, its rule has been held applicable in subsequent actions arising under federal law, especially securities law. *See, e.g., In re Del-Val Financial Corp. Securities Litigation*, 868 F.Supp. 547 (S.D.N.Y. 1994); *In re Kendall Square Research Corp. Securities Litigation*, 869 F.Supp. 53 (D.Mass. 1994). *But cf. In re Crazy Eddie Securities Litigation*, 948 F.Supp. 1154, 1169 (E.D.N.Y. 1996) (Nickerson, J.) (recognizing the *McDermott* principle, but declining to give "the benefit of a proportionate reduction" under *McDermott*, and instead providing for a "*pro tanto*," or dollar-for-dollar, reduction for settlement payments, "where the non-settling defendant willfully defaulted by disregarding discovery obligations and impeded determination of liability").

that applying any set-off is neither required by law nor necessary to achieve a just result."), *Report and Recommendation adopted*, 2011 WL 6111236; *Colon v. City of New York*, 2012 WL 691544, at *17 (E.D.N.Y., Feb. 9, 2012) (conduct of defaulting defendants in civil rights action was so egregious that "the need to off-set the settlement received from the damages found by the Court is less compelling"), *Report and Recommendation adopted*, 2012 WL 686878; *Godfrey v. Soto*, 2007 WL 2693652, at **6-7 (E.D.N.Y., Sept. 10, 2007) ("The few New York courts confronted with a non-settling defendant who has defaulted have decided that the windfall should not accrue to the benefit of the party who has refused to participate in litigation").

Where courts in this Circuit have granted a set-off to a defaulting defendant, it has been under easily distinguishable circumstances. *See, e.g., Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, 2012 WL 1414872, at *9 (E.D.N.Y., Jan. 20, 2012) (recommending a set-off, notwithstanding defendant's default, in part, because of the recommendation to award plaintiff damages based on gross revenues, without a deduction for defendants' costs, and in part because the award, without the deduction for the set-off, would be "excessive"), *Report and Recommendation adopted*, No. 07-cv-2568 (E.D.N.Y., May 7, 2012). And, in other cases involving defaulted defendants, the plaintiffs have agreed to a set-off. *See State Farm Mutual Automobile Insurance Co. v. Kalika*, 2007 WL 4326920, at *9 (E.D.N.Y., Dec. 7. 2007) (the award *requested by plaintiff* on RICO, fraud and unjust enrichment claims "was calculated by trebling the total amount owed by all defendants *and then deducting the amount received from the other defendants in settlement*.") (emphasis added);[3] *accord Siemieniewicz v. CAZ Contracing Corp.*,

---

[3] The only discussion relating to the propriety of the set-off is as to whether or not it should be applied before or after trebling of damages. *See State Farm*, 2007 WL 4326920, at *9.

2012 WL 5183375, at *16 (E.D.N.Y., Sept. 1, 2012) (plaintiff "acknowledges that to avoid any double recovery or improper windfall, his award should be reduced by the amount he has already received from the co-defendants pursuant to his settlement with them") (internal quotation marks omitted), *Report and Recommendation adopted*, 2012 WL 5183000.

In this case, defendants Kagan and Mirka have engaged in well-documented conduct which was so disrespectful of the judicial process as to result in the entry of default judgments against them. Moreover, they offered no evidence whatsoever at the damages inquest. (*See* Report, at 2.) From the spoliation of evidence to the concealment and improper disposition of assets, and from willful refusal to comply with court orders to deliberate efforts to mislead the court and frustrate the discovery process, Kagan and Mirka have squandered their opportunities to convince the court that they should be held liable to plaintiff for anything less than the total amount of damages sought by plaintiff. Far from satisfying their burden of establishing that the failure to apply a set-off will result in a double-recovery or be unjust, the arguments now advanced by these defendants amount to too little, too late.[4]

Accordingly, with the slight modification as set forth above, I adopt the Report and Recommendations of Judge Gold as the opinion of the court. The Clerk of Court is directed to enter judgment against the defaulting defendants in the amounts set forth on pages 22-23 of the Report and

---

[4] The factual record before Judge Gold amply supported his conclusion that the attorneys' fees expended greatly exceeded the amount of the settlements and that the absence of a set-off would not result in a double recovery for plaintiff. Indeed, plaintiff has not only foregone attorneys' fees but also treble damages to which it is clearly entitled under 18 U.S.C. 1964(c). In light of my conclusion, in the text, that no set-offs for Kagan and Mirka are warranted, it is unnecessary to address their requests for further factual support as to either the amount of the fees or the amount of the settlements.

in the Supplement to Report & Recommendation, dated Jan. 18, 2013 (ECF Document # 1164), and to close this case.

SO ORDERED.

/s/ Nina Gershon

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
May 3, 2013