UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE  :
INSURANCE COMPANY,            :
                              :
            Plaintiff,        :     ORDER
                              :     04-CV-2609 (NG) (SMG)
    -against-                 :
                              :
SEMION GRAFMAN, et al.,       :
                              :
            Defendants.       :
                              :
------------------------------------------------------------------ :
                              x

Gold, S., U.S. Magistrate Judge:

## BACKGROUND

On May 13, 2013, plaintiff State Farm ("Plaintiff") obtained a judgment against defendant Jacob Kagan ("Kagan" or "Defendant") in excess of $2.3 million that remains unsatisfied. Plaintiff's Motion to Compel Answer to Interrogatory ("Pl.'s Motion to Compel"), Docket Entry 1304, ¶ 1; Clerk's Judgment, Docket Entry 1172. On March 23, 2016, plaintiff filed a motion to recover various sums of money that it contends were fraudulently transferred by Momik Realty, LLC, an entity affiliated with Kagan, to various third parties, including Miriam Kagan ("Miriam"), Kagan's adult daughter from a prior marriage. Pl.'s Motion to Compel ¶ 2; Motion to Enforce Judgment, Docket Entry 1263.

Plaintiff served interrogatories on defendant on August 8, 2016, one of which requested that he "[i]dentify (a) all addresses at which Miriam Kagan has resided since January 1, 2010, (b) the time period(s) Miriam Kagan has resided at each such address and (c) the current address of Miriam Kagan." Pl.'s Motion to Compel, Exhibit A. On September 9, 2016, defendant responded to the interrogatory as follows:

> Objection to the extent that the interrogatory is overly broad and unduly burdensome. Further objection to the extent that this has already been asked and answered at prior depositions of the Responding Defendant. Subject to the aforementioned objections without waiver, upon information and belief, Miriam Kagan resided in Arlington, Virginia around 2010 and 2011. The exact Virginia address was never known to the Responding Defendant. The Responding Defendant is not aware of Miriam Kagan's address since 2011.

Defendant's Response in Opposition to Motion to Compel ("Def.'s Response"), Docket Entry 1311, Exhibit B.

Plaintiff now moves to compel defendant Kagan to more fully answer the interrogatory. Plaintiff argues that defendant's objections are "boilerplate" and that Kagan has not made a diligent effort to answer the interrogatory because he has not searched "family records or contacted family members, such as Miriam's mother, to obtain a current address." Pl.'s Motion to Compel ¶ 5-7.

## DISCUSSION

A court has broad discretion in managing discovery. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004); *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003); *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992); *Cornell Research Found., Inc. v. Hewlett-Packard Co.*, 2006 WL 5097357, at *3 (N.D.N.Y. Nov. 13, 2006). In particular, courts have "considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require production, and if so, on what terms." *Cornell Research Found., Inc.*, 2006 WL 5097357, at *3, quoting *Jones v. Goord*, 2002 WL 1007614, at *6 (S.D.N.Y. May 16, 2002).

Plaintiff argues "[t]here is absolutely no reason why [this] single interrogatory…is overly broad or places an undue burden on Kagan," and that his objections should be overruled as boilerplate. Pl.'s Motion to Compel ¶ 2. Indeed, "[t]he party resisting discovery bears the

2

burden of showing why discovery should be denied." *Gesualdi v. Interstate Payroll Co., Inc.*, 2016 WL 737909, at *1 (E.D.N.Y. Feb. 22, 2016), *quoting Freydl v. Meringolo*, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011). A responding party who lacks knowledge or information "may not simply refuse to answer," but "must respond in a way that lets the requesting party know the information is unavailable." *Braham v. Perelmuter*, 2016 WL 1305118, at *2-3 (D. Conn. Apr. 1, 2016), *quoting Moore's Federal Practice*, § 33.102[3] (3d ed. 2015).

Defendant Kagan testified at his deposition on May 8, 2014 that he does not know Miriam's address and that his relationship with his daughter has deteriorated to the point where they have not spoken since 2011. Def.'s Response at 1. Kagan also maintains that he has not spoken to his ex-wife, Miriam's mother, in over a decade. Def.'s Response at 2. Nevertheless, Kagan provided the limited address information for Miriam he was able to remember in his response to plaintiff's interrogatory. Def.'s Response at 1; Exhibit B. Accordingly, it appears that plaintiff has failed to demonstrate that Kagan has the information they seek.

Plaintiff contends that a party responding to demand for discovery has a duty to provide not only the information it knows but any information "within its control of otherwise obtainable by it." Pl.'s Motion to Compel at 3, citing *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000). Plaintiff argues that, to satisfy this duty, Kagan must contact family members and review family records in an effort to locate a service address for his daughter. Pl.'s Motion to Compel at 3. Plaintiff's argument, however, is not supported by the authorities it cites: *Braham*, 2016 WL 1305118 and *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444. The party resisting discovery in *Auction Houses* was a company that contended it no longer controlled the former employee who had the information responsive to the discovery request at

issue. The Court found, however, that the former employee was contractually obligated to respond to requests for information from the company and cooperate with company's defense of the pending litigation. 196 F.R.D. at 445, 446. Accordingly, the Court required the company to provide the disputed discovery. *Braham* involved an individual defendant, but one who was asked about information concerning the allocation of certain responsibilities at his place of employment, and who failed to demonstrate that he made any attempt whatsoever to obtain the requested information from others at his workplace. 2016 WL 1305118, at *3.

The Court's independent research seems to confirm that those cases that require an inquiry of the sort plaintiff seeks to impose on Kagan each involve information that could be obtained because of a business relationship or from others employed by the same entity as the responding party. Plaintiff has not cited, nor has the Court found, any authority supporting entry of an order requiring a party to contact an estranged member of his family to obtain information demanded in an interrogatory, but otherwise unavailable to him.

A court overseeing discovery should strive to ensure fairness and a level playing field. *JB Aviation, LLC v. R Aviation Charter Services, LLC*, 2016 WL 4444794 at *3 (E.D.N.Y. August 23, 2016), *quoting United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013); *see Cornell Research Found., Inc.*, 2006 WL 5097357, at *8. When collecting information necessary to answer an interrogatory would impose an undue burden, the Court may decide not to require a party to gather the information, and "this is especially true when the information can be obtained by the plaintiff at his own expense." *Cinema Amusements v. Loew's Inc.*, 7 F.R.D. 318, 322 (D. Del. 1947).

## CONCLUSION

Defendant Kagan has stated under oath that he does not have the information plaintiff seeks. This Court is unaware of any authority that would require Kagan to contact family members to obtain that information. Even if parties are generally required to collect information from family members, the burden of doing so here would be excessive because Kagan is not currently in contact with the family members who might be able to provide information responsive to plaintiff's demands. Finally, plaintiff has made no showing that it has exhausted its efforts to locate Miriam Kagan with the information it has about her, or which it could reasonably develop through its own efforts and at its own expense. Accordingly, for the forgoing reasons, plaintiff's motion to compel is denied.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
October 20, 2016

U:\AMP 2016-2017\State Farm v. Grafman (Jacob Kagan)\State Farm v. Grafman Final.docx