UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,

        Plaintiff,

                -against-

SEMION GRAFMAN, *ET AL.,*

        Defendants.

------------------------------------------------------------------X

Case No. 1:04-CV-02609-NG-SMG

**MARIYA (MIRIAM) KAGAN'S
RESPONSE TO PLAINTIFF'S MOTION TO
ENFORCE JUDGMENT TO RECOVER
ALLEGEDLY FRAUDULENTLY
<u>TRANSFERRED PROPERTY</u>**

       Pursuant to the Court's orders of November 30, 2016, December 1, 2016, and December 8,

2016, Third-Party Motion Respondent Miriam Kagan hereby responds to Plaintiff State Farm

Mutual Automobile Insurance Company's Motion To Enforce Judgment To Recover Allegedly

Fraudulently Transferred Property Of Momik Realty LLC From, *inter alia*, Miriam Kagan (Docket

#1263). For all of the reasons stated below and in the accompanying Declaration of Mariya

(Miriam) Kagan, State Farm's Motion should be dismissed pursuant to Federal Rules of Civil

Procedure 12(b)(2) and 12(b)(6).

## <u>PRELIMINARY STATEMENT</u>

       State Farm's Motion should be dismissed for lack of personal jurisdiction. State Farm does

not even purport to state a basis for this Court to exercise jurisdiction over Ms. Kagan. To the

contrary, when State Farm filed its Motion on March 23, 2016, State Farm admittedly had no idea

where Ms. Kagan resided, or anything else about Ms. Kagan.

Ms. Kagan is an individual who lives and works in Austin, Texas. In 2010, when Momik Realty allegedly fraudulently transferred $6000.00 (six thousand dollars) to her, she lived and worked in Arlington, Virginia. Between 2010 and today, she has had no regular contacts with the State of New York. She does not satisfy the tests for exercising this Court's jurisdiction under either New York's CPLR or the Due Process Clause. State Farm's Motion must therefore be dismissed.

While the lack of personal jurisdiction over Ms. Kagan is dispositive, State Farm's Motion should be dismissed for the additional reason that State Farm waited nearly six years to attempt to claw back $6,000.00 from Ms. Kagan, and then failed to serve its motion papers on her for more than seven months. State Farm twice requested extensions from this Court to serve Ms. Kagan, and twice represented to this Court that it was "diligently" attempting to locate Ms. Kagan. In truth, Ms. Kagan's whereabouts are available to anyone with access to the internet, as Ms. Kagan's LinkedIn page tells the world that she is a Director at Mothers Against Drunk Driving in Austin, Texas. If State Farm had expended even minimal effort to find Ms. Kagan, it would have done so within the initial time allowed for service on Ms. Kagan and the other motion respondents.

State Farm apparently failed to Google "Miriam Kagan" during its allegedly diligent pursuit of her whereabouts. State Farm chose instead to serve an interrogatory on Ms. Kagan's estranged father, Jacob Kagan, even though Mr. Kagan had already testified at deposition that he did not know where she lived. Unsatisfied with Mr. Kagan's deposition testimony and interrogatory response, State Farm moved to compel a more complete answer to its interrogatory. Magistrate Gold denied that motion, holding that "plaintiff has made no showing that it has exhausted its efforts to locate Miriam Kagan with the information it has about her, or which it could reasonably develop through its own efforts and at its own expense." (Order, Docket #1316 at 5.) State Farm managed

2

to locate and serve Ms. Kagan a few days after Magistrate Gold denied its motion to compel, demonstrating beyond dispute that State Farm had not previously been diligent.

While State Farm apparently managed to file its Motion within the six years allotted for a turnover action under New York law, State Farm did not serve Ms. Kagan within the time allowed for service. State Farm secured extensions of its time to serve by misrepresenting the diligence of its efforts in unopposed motions. State Farm's indolence and bad faith in serving Ms. Kagan justify dismissing the Motion as to Ms. Kagan on statute of limitations grounds.

## JURISDICTIONAL FACTS

Ms. Kagan lives in Austin, Texas. (*See* Declaration of Mariya (Miriam) Kagan, December 23, 2016 ("Kagan Dec."), ¶2.) She has lived there since January 2012. (*Id.*) She is currently a Director at Mother Against Drunk Driving ("MADD"). (*Id.*, ¶3.) Earlier in 2016, she worked for an Austin-based technology company that provides services to nonprofits, institutions of higher education, and community foundations. (*Id.*) Before moving to Austin, Ms. Kagan lived in Arlington, Virginia for eight years. (*Id.*, ¶4.)

Ms. Kagan has never lived in New York State. (*Id.*, ¶5.) She does not transact business within New York State, solicit business here, or engage in any other persistent course of conduct here. (*Id.*, ¶¶6-7.) She does not own, use, or possess real property within New York State. (*Id.*, ¶9.)

## PROCEDURAL BACKGROUND

State Farm moved to recover allegedly fraudulently transferred property from Ms. Kagan and several other alleged transferees on March 23, 2016. (Motion, Docket #1263). As to Ms. Kagan, State Farm asserted: "On or about April 15, 2010 $6,000 of the Graham Proceeds was transferred to Miriam Kagan, the daughter of Jacob and Victoria Kagan." (*Id.* at 4.) Thus, assuming that the six-year statute of limitations for an action under New York's fraudulent

3

transfer law began running on April 15, 2010, State Farm filed the Motion with about three weeks to spare. This Court ordered State Farm to accomplish service of its Motion and provide notice to the alleged fraudulent transferees by July 18, 2016. (Order, Docket #1264.)

State Farm failed to serve Ms. Kagan by July 18, 2016, allegedly because it could not find a service address. State Farm's failure is inexplicable. When one Googles the name "Miriam Kagan," the first result is Ms. Kagan's LinkedIn profile. (*See* Kagan Aff., ¶11 and Ex. A.) The profile discloses that Ms. Kagan works for Mothers Against Drunk Driving in Austin, Texas. (*Id.*) Ms. Kagan also has a Twitter page, and a number of different websites discuss her work in the nonprofit sector. (*Id.*, ¶¶12-13 and Exs. B-D.)

State Farm twice moved for extensions of time to serve Ms. Kagan. In its first motion, dated July 15, 2016, State Farm represented that it was "attempting to locate a service address for Miriam Kagan, who was not a party to the underlying lawsuit." (Motion, Docket #1265.) State Farm did not explain how it was attempting to locate Ms. Kagan's address, or why it had been unable to do so by July 15, 2016. It is not clear from the Court's docket whether State Farm or its counsel Googled the name "Miriam Kagan" at any time before representing to this Court that it was "attempting to locate Ms. Kagan's address." The Court granted State Farm's unopposed motion, giving State Farm another 94 days, to October 17, 2016, to serve Ms. Kagan. (Order, Docket #1267.)

State Farm apparently did not Google "Miriam Kagan" during its 94-day reprieve, or use any of the other person-finding technologies widely available in 2016. Instead, State Farm served an interrogatory on Ms. Kagan's estranged father, Jacob Kagan, a defendant in this lawsuit. Mr. Kagan had already testified at deposition that "due to the deterioration of his personal relationship with Miriam, they last spoke around 2011 and that at the time Miriam resided in

4

Arlington, Virginia, but he knew no further details." (Opposition to Motion To Compel, Docket #1311.) When Mr. Kagan responded to State Farm's interrogatory with the same information—that Ms. Kagan "resided in Arlington, Virginia around 2010 and 2011"—State Farm moved to compel a more complete answer. (Motion, Docket #1304.)

While that motion was pending, State Farm again moved to extend its time to serve Ms. Kagan. (Motion, Docket #1314.) State Farm again claimed that it had made "diligent efforts" to locate Ms. Kagan, pointing to its interrogatory and motion to compel. (*Id.* at 3-4.) State Farm again failed to disclose whether it had Googled the name "Miriam Kagan" as part of its purportedly diligent efforts. The Court granted the unopposed motion, giving State Farm another 30 days to serve Ms. Kagan. (Order, Docket #1315).

Magistrate Gold denied State Farm's motion to compel on October 20, 2016, holding that "plaintiff has made no showing that it has exhausted its efforts to locate Miriam Kagan with the information it has about her, or which it could reasonably develop through its own efforts and at its own expense." (Order, Docket #1316 at 5.) State Farm located and served Ms. Kagan shortly thereafter. (Kagan Aff., ¶14.)

## ARGUMENT

### I.   THE COURT SHOULD DISMISS STATE FARM'S MOTION FOR LACK OF PERSONAL JURISDICTION

State Farm seeks to recover allegedly fraudulently transferred property pursuant to Federal Rule of Civil Procedure 69(a) and New York CPLR §5225(b). New York State procedure would require State Farm to bring a "special proceeding" to recover the property, (*see* CPLR §5225(b)), but courts in this District allow judgment creditors to seek relief by motion *if—* and only if—the purported transferee is subject to personal jurisdiction here. *See, e.g., Mitchell v.*

5

*Lyons Prof. Servs., Inc.*, 727 F. Supp. 2d 120, 123 (E.D.N.Y. 2010) (court may deem a motion to

be a special proceeding "if it has jurisdiction over the parties."); *LaBarbera v. Audax Constr.*

*Corp.*, 971 F. Supp. 2d 273, 281 (E.D.N.Y. 2013) ("[C]ourts shall deem the motion a special

proceeding, so long as the court has jurisdiction over the parties and it is appropriate in the

interests of justice." (quoting CPLR §103)); *CSX Transp., Inc. v. Emjay Environmental*

*Recycling, LTD.*, 2016 WL 755630 at *6 n.6, 12-CV-1865 (JS) (AKT) (E.D.N.Y. Feb. 2, 2016).

"This approach has been applied by federal courts in actions where personal jurisdiction has

either been conceded or is simply not at issue to allow requests for turnover orders brought

pursuant to a Rule 69 motion that invokes CPLR §§ 5225 or 5227 to proceed in federal court

without need for the movant to resort to a special proceeding in state court." *LaBarbera*, 971 F.

Supp. 2d at 281. Judge Feuerstein recently confirmed that personal jurisdiction over the

purported transferee is a dispositive threshold question, denying a turnover motion where the

movant failed to provide "any factual information necessary for the Court to determine whether

it has jurisdiction over [the garnishee]." *General Elec. Corp. v. Eastern Bus. Sys.*, 2016 WL

3582061 at *3, 15-CV-6924 (SJF) (AYS) (E.D.N.Y. June 28, 2016).

Importantly, State Farm does not even allege that Ms. Kagan is subject to personal

jurisdiction here, even though "[a] plaintiff bears the burden of demonstrating personal

jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Group (USA)*

*Inc. v. American Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citing *In re Magnetic Audiotape*

*Antitrust Litig.,* 334 F.3d 204, 206 (2d Cir.2003)). To the contrary, State Farm requested multiple

extensions of time to serve Ms. Kagan because it did not know where she was. (Docket ##1265,

1314). Now that Ms. Kagan has been located in Austin, Texas, State Farm should voluntarily

withdraw its Motion as to her.

6

If State Farm declines to withdraw its Motion, it can only survive the instant motion to dismiss by making a prima facie showing that personal jurisdiction exists over Ms. Kagan. *American Buddha*, 609 F.3d at 34-35 (citing *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006)). State Farm will need to make "legally sufficient allegations of jurisdiction," including "an averment of facts that, if credited, would suffice to establish jurisdiction over [Ms. Kagan]." *American Buddha*, 609 F.3d at 35 (citing *In re Magnetic Audiotape*, 334 F.3d at 206). State Farm cannot make such a showing, given that (1) it admittedly knows nothing about Ms. Kagan, and (2) Ms. Kagan's Declaration disposes of any contention that exercising jurisdiction over her here would comply with either federal due process requirements or New York's law of general or specific jurisdiction. *See, e.g., Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). Ms. Kagan is an individual who lives and works in Austin, Texas. In 2010, when she allegedly received $6,000.00 of the so-called "Graham proceeds," she lived in Arlington, Virginia. She has never lived in New York State. She does not regularly transact business here or do any of the other things that might possibly give rise to personal jurisdiction.

Ms. Kagan is simply not subject to personal jurisdiction here, State Farm has not yet asserted that she is, and State Farm will not be able to make a prima facie showing. State Farm's Motion should be dismissed.

## II.    THE COURT SHOULD DISMISS STATE FARM'S MOTION AS UNTIMELY

State Farm's Motion should also be dismissed as untimely. The Motion is purportedly brought under New York's fraudulent transfer law. Assuming the six-year statute of limitations for such an action began to run on April 15, 2010, when Ms. Kagan allegedly received the allegedly fraudulent transfer, State Farm filed its Motion with 23 days to spare. But State Farm

failed to serve Ms. Kagan for 225 days, and only received extensions to serve by misrepresenting to the Court that it was diligently pursuing a service address.

The Federal Rules of Civil Procedure state that if a defendant is not served within 90 days after a complaint is filed, the Court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. F.R.Civ.P. 4(m). If the plaintiff shows good cause for its failure to serve, the court must extend service for an appropriate period. Here, in unopposed motions, State Farm purported to show good cause for its failure to serve Ms. Kagan, but in fact State Farm did not make even the most basic effort to locate Ms. Kagan, who can be found with a few keystrokes. Had State Farm invested even minimal commonsense effort in locating her, rather than harassing her estranged father for information he had already testified he did not possess, it could have served her well within the initial time granted by the Court. Magistrate Gold called out the folly of State Farm's tactics when he denied State Farm's motion to compel and held that "plaintiff has made no showing that it has exhausted its efforts to locate Miriam Kagan with the information it has about her, or which it could reasonably develop through its own efforts and at its own expense." (Order, Docket #1316 at 5.)

The Second Circuit has held that the filing of a complaint does not toll the applicable statute of limitations beyond the period for service provided in Rule 4. *See Frasca v. United States*, 921 F.2d 450 (2d Cir. 1990). Rather, if service is not completed in the time allowed, "the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period." *Id.* at 453 (citing *Geiger v. Allen*, 850 F.2d 330 (7th Cir. 1988)). Here, the statute of limitations should have begun running again when State Farm failed to serve Ms. Kagan by its initial deadline, July 18, 2016. The 23 days that State Farm had left to serve Ms. Kagan would thus have expired in August, permanently barring any claim.

The fact that the Court extended State Farm's time to serve, in reliance on misleading, unopposed motions, does not preclude this basis for dismissing the Motion now. Far more significant is Magistrate Gold's holding, on a contested motion, that State Farm had not exhausted its efforts to locate Ms. Kagan. The fact that State Farm located and served Ms. Kagan a few days after Magistrate Gold's holding demonstrates that State Farm had not been diligent previously and does not deserve the benefit of any doubt.

## CONCLUSION

In pursuit of $6,000.00 that Ms. Kagan allegedly received in 2010, State Farm has already made *four* separate motions. State Farm has troubled the Court, Magistrate Gold, Jacob Kagan, and of course Ms. Kagan. It is now law of the case that State Farm brought each of its motions without first developing information about Ms. Kagan through its own efforts and at its own expense. It is not surprising, therefore, that State Farm has failed to state a basis for exercising jurisdiction over Ms. Kagan, an individual who lives and works in Texas. Ms. Kagan is not subject to jurisdiction here, and State Farm's Motion should be dismissed.

Dated:   New York, New York
         December 23, 2016

                                        Respectfully submitted,

                                        Law Office of Judd R. Spray

                                        By:  /s/ Judd R. Spray_____
                                             Judd R. Spray
                                        450 Seventh Avenue, 33rd Floor
                                        New York, New York 10123
                                        (347) 409-0211
                                        *Attorney for Third-Party Motion Respondent*
                                        *Miriam Kagan*

9