UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v.

SEMION GRAFMAN, et al.,

        Defendants.
-----------------------------------------------------------x

OPINION & ORDER

04-CV-2609 (NG) (SMG)

**GERSHON, United States District Judge:**

Yan Lyubomirsky, Edward Koretsky, Alla Koretsky, and Elena Kazhdan ("movants") move under Rules 60(b)(4) and 60(b)(5) of the Federal Rules of Civil Procedure ("FRCP") for relief from judgments entered against them on September 26, 2017.

## I. Personal Jurisdiction

The movants' first ground for relief is that the judgments are void for lack of personal jurisdiction because, although they admittedly had notice of the proceedings against them and nonetheless failed to oppose the applications for judgment, the applications were not accompanied by a summons. This ground is meritless, as the movants were not defendants in the underlying action. Rather, they were alleged to be fraudulent transferees in a supplementary special proceeding conducted in this court pursuant to New York Civil Practice Law and Rules ("CPLR") § 5225. Under this proceeding, judgment creditors, such as State Farm, are not required to file a complaint against transferees of fraudulent transfers but can instead proceed by motion. Here, the movants were personally served with State Farm's Rule 69 motion, and were mailed this court's order directing State Farm to provide notice to the fraudulent transferees. For purposes of a § 5225 special proceeding, nothing more was required. *Cf. LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273 (E.D.N.Y. 2013).

1

As to one movant, Elena Kazhdan, movants' counsel argues that the court had no personal jurisdiction over her for an additional reason, namely, that she is a New Jersey resident who was served at her home in New Jersey. A promissory note, made out to her, was executed by the Kagans in New York, and the note provided that it was to be enforced in accordance with the laws of New York. *See* Ex. D to motion. State Farm argues that this promissory note satisfies CPLR § 302(a)(1), the "transacting business" prong of the New York long-arm statute. The note itself, however, does not establish that Kazhdan was involved with its execution, and plaintiff has presented no other evidence demonstrating that personal jurisdiction over her was proper.

Accordingly, I defer ruling on Elena Kazhdan's Rule 60(b)(4) motion. As to the other three movants, their challenges to personal jurisdiction are denied.

**II.   Set Aside and Setoff**

Under Rule 60(b)(5), the movants argue that a settlement entered into between the Kagans and State Farm to resolve three separate judgments entered in this case—one against Mr. Kagan, one against Mrs. Kagan, and one against Momik, an entity owned by them—entitles movants to a set aside or setoff of the judgments against them. This argument mischaracterizes the role of the movants, whose judgments are based upon fraudulent transfers to them, not upon their being joint tortfeasors with the Kagans. And there is no evidence that the $430,000 settlement, and any other recoveries State Farm obtained, provided State Farm with anything near the millions of dollars in judgments entered against the Kagans. Indeed, the settlement agreement itself, attached as Exhibit G to the motion, expressly provides in paragraph 10 that nothing in the agreement is intended to modify any liabilities under other judgments in the case and releases only the Kagans. Under these circumstances, movants have offered no sound basis for Rule 60(b)(5) relief.

## III. Conclusion

Yan Lyubomirsky, Edward Koretsky, and Alla Koretsky's motions for relief from judgment under Rule 60(b)(4) and Rule 60(b)(5) are denied. As to Elena Kazhdan, the parties are given 60 days to conduct jurisdictional discovery regarding Ms. Kazhdan. They shall then agree on a briefing schedule on the jurisdictional issue.

SO ORDERED.

/s/ *Nina Gershon*
NINA GERSHON
United States District Judge

Dated: June 3, 2019
Brooklyn, New York